IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROBERT STEWARD SANCHEZ SAIRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-1808 (LMB/WBP) |
| ) | |
| MATTHEW ELLISTON et al., ) | |
| ) | |
| Respondents. ) | |

ORDER

Petitioner Robert Steward Sanchez Saire ("Saire"), an alleged native and citizen of Peru, has filed a three-count Amended Petition for Writ of Habeas Corpus ("Amended Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") since October 17, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I); his statutory right to a bond determination hearing pursuant to 8 U.S.C. § 1226(a) (Count II); and his procedural and substantive due process rights (Count III).

Saire is currently detained at the Caroline Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Paul Perry, the warden of the Caroline Detention Center. Saire has also sued Matthew Elliston, the Deputy Assistant Director for Field Operations, Eastern Division, for ICE's Enforcement and Removal Operations; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively "the federal respondents"). For the reasons discussed in this Order, the Court finds that Saire is detained

pursuant to 8 U.S.C. § 1226(a). Accordingly, his Amended Petition will be granted as to Count III, and the respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a).[1]

I.

Saire "is a national and citizen of Peru who entered the United States without inspection with his minor son in June 2021." [Dkt. No. 3] at ¶ 37. Since then, he has resided continuously in the United States with his aunt in Silver Spring, Maryland. Id.; [Dkt. No. 6] at 1. Saire has "no significant criminal history in this country or outside of the United States" and has only been "cited for traffic violations in July of 2022, and the charges were ultimately dismissed." [Dkt. No. 3] at ¶ 43.

On June 2, 2021, Saire was issued a Notice to Appear ("NTA"),[2] [Dkt. No. 5-1] at ¶ 6, but because the NTA "was never filed with an immigration court," Saire has not previously been in immigration court proceedings. [Dkt. No. 3] at ¶ 38. On January 25, 2022, Saire filed a Form I-589, Application for Asylum and Withholding of Removal, id. ¶ 39; however, according to Supervisory Detention and Deportation Officer James A. Mullan, Saire's asylum application has not been processed because the "annual asylum fee has not been paid" and "at least one of the dependents listed on the application missed a biometrics collection appointment on April 6, 2022," [Dkt. No. 5-1] at ¶ 7.

On October 17, 2025, Saire was stopped by ICE officers while driving in Washington, D.C. and was transported to ICE's field office in Chantilly, Virginia. [Dkt. No. 3] at ¶¶ 40–41.

---

[1] Because the Court is granting relief on due process grounds, it need not address Saire's arguments based on the INA or the bond regulations.

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

2

He was then transferred to the Caroline Detention Center pending removal proceedings. [Dkt. No. 5-1] at ¶ 8. On October 18, 2025, Saire was issued a second NTA that charged him with being inadmissible into the United States under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). Id. ¶ 9. The record before this Court reflects that since he was detained, ICE has not set bond, and Saire has not been scheduled for a bond hearing before an IJ.

Saire filed his original Petition for Writ of Habeas Corpus on October 17, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Saire not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 2]. Saire then filed his Amended Petition on October 22, 2025. [Dkt. No. 3]. On October 27, 2025, Saire filed a Proposed Release Plan, which states that, if released, he will continue living with his aunt in Silver Spring, Maryland, which is where he has lived since he entered the United States in June 2021. [Dkt. No. 6] at 1. His Proposed Release Plan also indicates that he is currently enrolled as a student in an HVAC vocational course. Id. The federal respondents filed an opposition. [Dkt. No. 5]. Finding that oral argument will not aid in the decisional process, the Amended Petition will be resolved on the papers submitted.

II.

The central question posed in Saire's Amended Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). The federal respondents contend that Saire's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 5] at 5. According to the federal respondents, anyone in the United States who has not been admitted is subject to

3

mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 8-9. Therefore, they argue that because Saire has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 9.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

---

[3] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its Memorandum Opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226, the petitioner has been granted bond. Vargas Nunez v. Lyons et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released under bond of $1,500); Perez Bibiano v. Lyons et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem et al., 1:25-cv-1634, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); see also Chaudhari v. Crawford et al., 1:25-cv-1772, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Because Saire has been present in the United States since 2021, and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Saire's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ, in which the IJ must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Saire's continued detention is unlawful.

5

III.

For all the reasons stated above, Saire's Amended Petition [Dkt. No. 3] is GRANTED, and it is hereby

ORDERED that Saire be promptly released from custody, with all his personal property, pending his bond hearing before an IJ. Saire must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Saire with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents are ENJOINED from denying bond to Saire on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Saire has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Saire's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for October 31, 2025, and close this civil action.

Entered this 27 day of October, 2025.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

6